ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. DOBBINS, | ) | CASE NO.  5:06CV2968 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NATIONAL ASSOCIATION OF | ) | AND ORDER |
| SECURITIES DEALERS (NASD), et al., | ) | [RESOLVING DOCS. 4, 20, 22, 24, 30, |
| | ) | 31, 47, and 54] |
| Defendants. | ) | |

The within matter came on for Case Management Conference ("CMC") on August 13, 2007.  The following motions are at issue before the Court:

Defendant National Association of Securities Dealers, Inc.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4);

Plaintiffs' Motion to Deem NASD's Motion to Dismiss as Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b) (Doc. 20);

Defendants Roger Piper, Antoinette Seymour, and Brandi Seymour's Motion to Stay (Doc. 22);

Defendants Prudential Equity Group, LLC, Wachovia Securities, LLC, and James Lupica's Joint Motion to Stay (Doc. 24);

Motion to Dismiss of defendant Ohio Department of Commerce, Division of Securities (Doc. 30);

Plaintiffs' Motion for Remand to State Court Pursuant to 28 U.S.C. § 1446 (Doc. 31);

Defendants Prudential Equity Group, LLC, Wachovia Securities, LLC, and James Lupica's Joint Motion for Leave to File Surreply *Instanter* (Doc. 47); and,

Defendant National Association of Securities Dealers, Inc's Motion to Stay Discovery Pending Disposition of Motion to Dismiss (Doc. 54).

The Court has been advised, having reviewed the parties' pleadings; motions, oppositions, and replies thereto; attached exhibits; and applicable law.  The Court has also considered the oral arguments of counsel offered during the CMC.

For the reasons that follow and those indicated at the CMC,

1. Defendants Prudential Equity Group, LLC, Wachovia Securities, LLC, and James Lupica's Joint Motion for Leave to File Surreply *Instanter* (Doc. 47) is DENIED.  The primary purpose for allowing the moving party to serve and file a reply memorandum in support of a motion[1] is so it can respond to any new issues raised by the memorandum in opposition. Consideration of defendants' surreply would frustrate the purpose of allowing the plaintiffs-movants to be the first and last to be heard on their pending Motion for Remand (Doc. 31).

2. Plaintiffs' Motion for Remand to State Court Pursuant to 28 U.S.C. § 1446 (Doc. 31) is DENIED because, even though the causes of action are asserted in state statutory and common law terms, some of the claims in plaintiffs' "well-pleaded" complaint necessarily turn on the construction of federal law.  *See Hawkins v. Nat'l Ass'n of Securities Dealers, Inc.*, 149 F.3d 330, 331-32 (5th Cir. 1998); *Lowe v. NASD Regulation, Inc.*, No. 99-1751, 1999 WL 1680653, at *3 (D. D.C. Dec. 14, 1999).

On November 2, 2006, 39 plaintiffs filed a four-count Complaint in the Summit County, Ohio Common Pleas Court (Case No. CV-2006-11-7031) against defendants National Association of Securities Dealers, Inc. ("NASD"), NYSE Group, Inc. ("NYSE"), Prudential Equity Group, LLC ("Prudential"), Wachovia Securities, LLC ("Wachovia"), James ("Lupica"), Antoinette Seymour, Brandi Seymour, Roger Piper, and the Ohio Department of Commerce,

---

[1]*See* Local Rule 7.1(e).

2

Division of Securities ("Division of Securities").[2] Dobbins' claims against Prudential, Wachovia, and Lupica can generally be described as attacking the manner in which they carried out their duties with regards to his employment relationship. The gravamen of the 212-paragraph, 74-page Complaint is the request by Dobbins for expungement of information from the Central Registration Depository ("CRD") system arising from disputes with customers "which were false, clearly erroneous or factually impossible and/or where [ ] Dobbins . . . was not the registered person involved in the alleged investment-related sales practice violation." Doc. 40 at 2 and 9. On December 11, 2006, with the consent of the other defendants, the NASD removed the above-entitled case to this Court based on federal question jurisdiction.[3]

Plaintiffs argue that there are no "federal questions" to be found in the Complaint. They contend that they have requested a declaration under the Ohio Declaratory Judgment Act as to whether the rules as promulgated by the NASD have been properly applied, whether Ohio Securities laws have been complied with, and whether the arbitration agreements comply with contract law. Doc. 31 at 12. The Court finds to the contrary.

Dobbins is challenging the NASD's application and interpretation of its rules enacted pursuant the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, *et seq.* In Count Two, he seeks a court order exempting him from SEC-approved securities industry registration reporting requirements and NASD Rules 2130 and 3070. Dobbins seeks to impose monetary liability on

---

[2]On January 29, 2007, the plaintiffs dismissed their claims against NYSE. *See* Doc. 36. On June 5, 2007, the remaining parties filed a Stipulation of Dismissal (Doc. 57). Therefore, only the claims of plaintiff Michael G. Dobbins against the NASD, Prudential, Wachovia, Lupica, Antoinette Seymour, Brandi Seymour, Roger Piper, and the Division of Securities remain.

[3]The case was assigned to the docket of United States District Judge James S. Gwin. On January 3, 2007, the case was reassigned to the docket of the undersigned. *See* Order (Doc. 21).

the NASD for its regulatory actions and omissions.  Section 78aa, 15 U.S.C. provides in relevant part:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. . . .

Furthermore, 15 U.S.C. § 78y(a) provides that the exclusive judicial remedy for complaints arising from the NASD's enactment and interpretation of its rules lies in the United States Court of Appeals following appeal to the Securities and Exchange Commission ("SEC").  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat'l Ass'n of Securities Dealers, Inc.*, 616 F.2d 1363, 1367 (5th Cir. 1980).

       3. Plaintiffs' Motion to Deem NASD's Motion to Dismiss as Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b) (Doc. 20) is DENIED.

> Rule 12(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given *reasonable opportunity* to present all material made pertinent to such motion by Rule 56. (Emphasis added.)

When a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is founded on matters outside the pleadings, the trial court is obligated "to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56." *Carter v. Stanton*, 405 U.S 669, 671 (1972) (*per curiam*).  NASD only attached documents referred to in the Complaint--a well-recognized exception to the rules that the plaintiffs cite in their motion.  The Court of Appeals for the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and

4

are central to her claim.'" *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The Court has not considered any "matters outside the pleadings."

    4. NASD's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4) is GRANTED for the reasons articulated in the memoranda (Docs. 5 and 39)[4] filed by the NASD. The absence of state action requires dismissal of the constitutional claims. NASD has absolute immunity for its regulatory acts and omissions, and there is no private right of action against the NASD. Finally, Dobbins has failed as a matter of law to establish a legal claim for expungement of his record in the CRD database under the NASD rules, or for an exemption from the application of those rules.

    5. NASD's Motion to Stay Discovery Pending Disposition of Motion to Dismiss (Doc. 54) is DENIED AS MOOT.

    6. Defendants Roger Piper, Antoinette Seymour, and Brandi Seymour's unopposed Motion to Stay (Doc. 22) and Prudential, Wachovia, and Lupica's unopposed Joint Motion to Stay (Doc. 24) are GRANTED IN PART.[5] All of Dobbins' claims of wrongful conduct with respect to his employment relationship are subject to mandatory arbitration pursuant to a valid arbitration clause (Doc. 24-3 at Item 5) that exists between the parties. *See Glazer v. Lehman Bros., Inc.*, 394 F.3d 444 (6th Cir. 2005) (holding that plaintiff's claims, brought under 15 U.S.C.

---

[4] On February 15, 2007, leave to file the memorandum in support was granted by marginal entry order. *See* Doc. 41.

[5] On June 5, 2007, the Customer Plaintiffs dismissed their claims against Prudential, Wachovia, and Lupica. *See* Stipulation of Dismissal (Doc. 57). Therefore, the motions are moot as to their claims.

§ 78j(b), other federal securities laws, and Ohio state law, were covered by enforceable arbitration clauses, and that the district court should have stayed the matter until the arbitration process was complete).

7. The Motion to Dismiss of defendant Ohio Department of Commerce, Division of Securities (Doc. 30) is GRANTED.

Dobbins argues that, based upon the customer complaints listed on his NASD CRD, U-4,[6] and U-5, the Division of Securities has denied him his Securities Salesperson License. *See* Doc. 32-7. He has not alleged that he has exhausted his administrative remedies in pursuing Ohio licensure before seeking declaratory relief. *See* Ohio Rev. Code § 1707.19(A)(1).

The only allegation that the plaintiffs make with respect to the Division of Securities is that it is charged with the protection of Ohio investors and is responsible for the administration of securities licensing within Ohio. Complaint (Doc. 1-3) at ¶ 32. The Complaint is devoid of any general or specific allegation that the Division of Securities has violated any state or federal law in any manner. Plaintiffs simply fail to allege any act or omission by this defendant that would entitle Dobbins to relief against the Division of Securities in an action for declaratory judgment.

IT IS SO ORDERED.

| | |
|---|---|
| _August 22, 2007_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |

---

[6] A Uniform Application for Securities Industry Registration or Transfer is commonly referred to as a Form U-4.

6